# Court of Appeals
# of the State of Georgia

ATLANTA, July 29, 2026

*The Court of Appeals hereby passes the following order:*

## A27D0013. AEISHA DURAND v. CH REALTY X-PENLER MF ATL - ELEVEN 85, LLC.

CH Realty X-Penler MF ATL - Eleven 85, LLC brought a dispossessory action against Aeisha Durand in magistrate court, and the magistrate court entered a default judgment against Durand. Durand has filed an application for discretionary review from the magistrate court's judgment. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023); see also OCGA § 5-3-4(a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411(1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451(3) (391 SE2d 1) (1990). But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b).

As such, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court. However, under OCGA § 15-10-41(b)(2), "[n]o appeal shall lie from a default judgment" entered in magistrate court. Because Durand seeks to

appeal from a default judgment here, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/29/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*